Baker & McKenzie LLP
Jeffrey A. Sturgeon
452 Fifth Avenue
New York, NY 10018
(212) 626-4339
jeffrey.sturgeon@bakermckenzie.com

Attorney for Defendant

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES GREEN<br>5101 North Broad Street<br>Apartment 3<br>Philadelphia, PA 19141,<br><br>                              Plaintiff,<br><br>v.<br><br>SECURITY INDUSTRY<br>SPECIALISTS, INC.,<br>630 Freedom Business Center<br>King of Prussia, PA 19406,<br><br>                              Defendant | Case No. 2:21-cv-01896<br><br>Notice of Removal of Civil Action |

### NOTICE OF REMOVAL

Please take notice that Defendant Security Industry Specialists, Inc. ("SIS" or "Defendant"), by and through its counsel of record, hereby removes the above-entitled action pending in the Philadelphia County Court of Common Pleas in and for Philadelphia, Pennsylvania, captioned as *Charles Green v. Security Industry Specialists, Inc.*, Case No. 210202682, to the United States District Court for the Eastern District of Pennsylvania.

### STATEMENT OF GROUNDS FOR REMOVAL

**I.   Diversity of Citizenship Jurisdiction Exists**

This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C.

§1332 (diversity jurisdiction), and is one which may be removed by Defendants pursuant to 28 U.S.C. §1441(a). This is a civil action where the amount in controversy for the claims of Plaintiff exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff is a Citizen of Pennsylvania

For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of Pennsylvania. In fact, Plaintiff alleges in his Complaint that he "resided in Philadelphia at all relevant times." **Exhibit A**, Complaint, ¶ 4.

### B. Defendant SIS is a Citizen of California

For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

At the time Plaintiff commenced this action and at the time of removal, SIS was and is a corporation organized under the laws of California, with its principal place of business in California as well. **Ex. A**, Compl. ¶ 7. SIS's officers direct, control, and coordinate the corporation's activities primarily from California, and SIS's corporate headquarters and principal place of business are located at 6071 Bristol Parkway, Culver City, CA 90230-660. *Id*.

Based on the aforementioned facts, SIS is and, at all times relevant, was a citizen of the State of California for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

### C. The Amount in Controversy Requirement is Satisfied

While SIS denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs.

Plaintiff seeks to recover damages for: (i) past and future wage loss and for other job-related benefits, (ii) medical and psychological expenses, (iii) any other out-of-pocket losses, (iv) pain and suffering, emotional distress, and loss of life's pleasures, (v) attorney's fees and costs, (vi) interest, (vii) any other compensatory damages cognizable under the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance, and (viii) all other such relief that this court deems appropriate. Plaintiff also seeks punitive damages. **Ex. A**, Compl. ¶¶ 120, 121.

Based on Plaintiff's earnings while at SIS, and the nature of the alleged damages set forth above, the amount in controversy would exceed $75,000, the jurisdictional minimum set forth in 28 U.S.C. § 1332(a), and thus, Plaintiff's Complaint vests this Court with jurisdiction based on 28 U.S.C. § 1332(a).

## II. Venue

Venue is proper in this Court because the facts and events alleged in Plaintiff's Complaint took place in Philadelphia, Pennsylvania. See 28 U.S.C. § 1391(b).

## III. Other Procedural Requirements

In accordance with 28 U.S.C. § 1446(a), true and correct copies of the pleadings, motions, notices, and other papers in the State Court Action are filed herewith as **Exhibit A**. In accordance with 28 U.S.C. § 1446(d), SIS will promptly provide notice of this removal to Plaintiff and to the

Philadelphia County Court of Common Pleas.

## IV.  Conclusion and Request for Relief

For the reasons set forth herein, Defendant SIS respectfully requests that this action be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted on this the 23rd day of April, 2021.

By: */s/ Jeffrey A. Sturgeon*
Jeffrey A. Sturgeon (PA ID No. 93750)
452 Fifth Avenue
New York, NY 10018
Tel: 212.626.4339
Fax: 212.310.1870
jeffrey.sturgeon@bakermckenzie.com

Attorney for Defendant
