**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES GREEN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 21-1896** |
| | : | |
| **SECURITY INDUSTRY** | : | |
| **SPECIALISTS, INC.,** | : | |
| **Defendant.** | : | |

## ORDER

Plaintiff Charles Green brings racial discrimination claims against his former employer, Defendant Security Industry Specialists.  Defendant now seeks to compel arbitration and dismiss the instant proceedings.  Plaintiff opposes, arguing that Defendant waived its right to enforce the arbitration provision.  I will order the Parties to arbitrate, and will dismiss the case without prejudice.

On June 5, 2018, Plaintiff filed complaints against Defendant with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, asserting that Defendant discriminated against him and terminated him because of his race.  (Opp'n, Doc. No. 5.)  The PHRC held a fact-finding conference in which both Parties participated.  (Id.)  Plaintiff received a right to sue notice a year later.  (Id.)  On April 22, 2020, Plaintiff's counsel—who by this time had begun informal discovery—informed Defendant's counsel of his intention to file a lawsuit. (Id.)  Plaintiff also proposed a settlement agreement, which Defendant rejected.  (Id.)  On February 26, 2021, Plaintiff filed suit in the Philadelphia Common Pleas Court.  (Id.)  Throughout this course of events, Defendant did not mention the existence of any arbitration agreement or its intent to arbitrate.  (Id.)

Defendant removed to this Court on April 23, 2021, and one week later moved to compel

arbitration and dismiss the action.  (Doc. Nos. 1, 3.)  Plaintiff opposes arbitration, arguing that Defendant waived its right to arbitrate during the nearly three years that passed between the initiation of this dispute in administrative proceedings and Defendant's invocation of the arbitration agreement.

Under the Federal Arbitration Act, a "written provision . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.  The FAA "requires rigorous enforcement of arbitration agreements."  In re Mintze, 434 F.3d 222, 229 (3d Cir. 2006); see also Edwards v. HOVENSA, LLC, 497 F.3d 355, 363 (3d Cir. 2007) (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991)) (the FAA "manifest[s] a liberal federal policy favoring arbitration agreements").  The presumption is thus in favor of enforcement, "absent a ground for revocation of the contractual agreement."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).  "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Medtronic AVE Inc. v. Cordis Corp., 100 F. App'x 865, 867 (3d Cir. 2004) (quoting Suter v. Munich Reinsurance Co., 223 F.3d 150, 155 (3d Cir. 2000)).  If a party fails to comply with an agreement to arbitrate, I may order "the parties to proceed to arbitration in accordance with the terms of the agreement."  Id. (quoting 9 U.S.C. § 4).

Here, the Parties executed an Arbitration Agreement covering "[a]ll [d]isputes," explicitly including "[a]ny disciplinary action or other adverse employment decision of the Employer" or "[a]ny claim arising out of or related to any current or future federal, state or local civil rights laws, fair employment laws, . . . [or] laws against discrimination or harassment."  (Ex. A to Doc. No. 3.) Plaintiff's claims are thus plainly within the purview of the Agreement.  Further, although Plaintiff alleges that he has no memory of signing the Agreement, he does not dispute that he in fact did so. (See Opp'n, Doc. No. 5.)  Rather, Plaintiff argues that Defendant waived its right to arbitrate by

2

failing timely to remind Plaintiff of the Agreement's existence and invoke Defendant's intention to arbitrate this dispute.  I do not agree.

 "[W]aiver is not to be lightly inferred, and waiver will normally be found only where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." Nino v. Jewelry Exchange, Inc., 609 F.3d 191, 208 (3d Cir. 2010) (quoting PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1068–69 (3d. Cir. 1995)).  Courts have routinely found that that a party does not waive its right to arbitrate by participating in administrative proceedings.  See Volpe v. Jetro Holdings, 2008 WL 4916027, at *6 (E.D. Pa. 2008); Glenwright v. Carbondale Nursing Home, Inc., 2017 WL 1092541, at *8 (M.D. Pa. 2017); Beery v. Quest Diagnostics, Inc., 953 F. Supp. 531, 546–47 (D.N.J. 2013); Sanes v. Grapetree Shores, Inc., 2016 WK 7493964, at *3 (D.V.I. 2016); Sarbak v. Citigroup Global Markets, Inc., 354 F. Supp. 2d 531, 542 (D.N.J. 2004).

Plaintiff argues here that Defendant's failure to mention the existence of the Agreement or its intent to arbitrate constituted waiver.  Plaintiff offers no binding authority, however, that this constitutes waiver.  Cf. Volpe, 2008 WL 4916027, at *8 ("Plaintiffs' failure to seek arbitration during the pendency of the PHRC proceedings did not shift the burden to Defendants to preemptively demand arbitration, in the event that Plaintiffs chose to pursue claims against them following the conclusion of those proceedings.").  Moreover, because Plaintiff does not dispute that he signed the Agreement, he is bound by its contents.  See Keller v. Pfizer, Inc., 2018 WL 5841865, at *4 (M.D. Pa. 2018) ("If Plaintiff's logic were sufficient to defeat evidence of a contractual agreement, any party could escape enforcement simply by stating that they forgot the terms of a contract or could not recall signing the document.").

In sum, nothing here shows that Defendant waived its right to arbitrate.  Defendant properly

participated in the administrative proceedings, timely removed the case to federal court once Plaintiff filed in state court, and one week later filed its Motion to Compel Arbitration. See Martin v. Discover Bank, 2102 WL 6197992, at *3 (E.D. Pa. 2012) (finding no waiver where party moved to compel arbitration directly after removing case to federal court). Although Plaintiff correctly notes that prejudice is the "touchstone" of the waiver analysis—and the pendency of an administrative proceeding and Plaintiff's unilateral informal discovery efforts may have increased Plaintiff's costs—"mere prejudice is not enough. . . . The waiver must be effected by the inconsistent actions of the waiving party." Volpe, 2008 WL 4916027, at *8. As I have discussed, Defendant has not acted inconsistently. Given the strong policy in favor of arbitration agreements, I must order the Parties to complete arbitration pursuant to the terms of their Agreement. I will dismiss the case without prejudice.

        **AND NOW**, this 11th day of June, 2021, upon consideration of Defendant's Motion to Compel Arbitration and Dismiss the Action (Doc. No. 3), Plaintiff's Response in Opposition (Doc. No. 5), Defendant's Reply (Doc. No. 8), and Plaintiff's Sur-Reply (Doc. No. 9), it is hereby **ORDERED** that:

1. Defendant's Motion to Compel Arbitration and Dismiss the Action (Doc. No. 3) is **GRANTED**;

2. This case is **DISMISSED without prejudice**;

3. Plaintiff and Defendant shall proceed to arbitration in accordance with the terms of their arbitration agreement; and

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                        **AND IT IS SO ORDERED.**

                                        */s/ Paul S. Diamond*
                                        _____
                                        Paul S. Diamond, J.

4